UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TALON L. ROPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00120-JPH-MJD |
| | ) | |
| B. TRIMBLE in her individual and professional | ) | |
| capacity, | ) | |
| S. DECKER in her individual and professional | ) | |
| capacity, | ) | |
| T. LITTLEJOHN in her individual and | ) | |
| professional capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint
and Directing Plaintiff to Show Cause**

Indiana Department of Correction (IDOC) inmate Talon L. Roper commenced this 42

U.S.C. § 1983 action on February 28, 2020. Leave to proceed *in forma pauperis* has been granted,

dkt. 5, and the Court now screens the complaint and makes the following rulings.

**I. Screening Standard**

Because Mr. Roper is a prisoner, his complaint is subject to the screening requirements of

28 U.S.C. § 1915A(b). This statute directs that the court shall dismiss a complaint or any claim

within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

*Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a

complaint must provide a "short and plain statement of the claim showing that the pleader is

entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and

its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v.*

1

*Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Roper's complaint names three defendants: (1) B. Trimble, (2) S. Decker, and (3) T. Littlejohn. All three are IDOC employees at the Wabash Valley Correctional Facility (WVCF) in Carlisle, Indiana. Mr. Roper names the defendants in their official and individual capacities and seeks nominal, compensatory, and punitive damages. Dkt. 1 at 1, 9. The following are the allegations that Mr. Roper makes in his complaint.

The IDOC maintains an offender grievance system for offenders to express complaints and topics of concern for efficient and fair resolution. Dkt. 1 at ¶ 8. Defendants Trimble and Decker are WVCF's grievance specialists, who report to defendant T. Littlejohn. *Id.* at ¶ 11. Trimble and Decker have been negligent in receiving, reviewing, and logging grievances and ensuring proper investigations into the grieved issue. *Id.* at ¶ 12. As a result, Mr. Roper's grievances have not been properly handled, placing him in an unsafe environment and constituting cruel and unusual punishment. *Id.*

Specifically, on June 4, 2019, Mr. Roper filed a grievance against Correctional Officer Vargas for his neglectful performance of duties that caused Mr. Roper to miss two time-sensitive appointments. *Id.* at ¶ 13. On June 17, 2019, he filed a grievance against Officer Shroyer ordering him out of the dining hall because he asked for a food tray without a hair in it, and later did not provide him a supplemental meal. *Id.* at ¶¶ 14-15. On August 7, 2019, Mr. Roger filed a grievance against Officer Benefeild after the officer stated out loud that Mr. Roper was a frequent user of the

Internal Affair's hotline, a comment which placed Mr. Roper in a "substantial risk of imminent danger." *Id.* at ¶ 16. On November 8, 2019, Mr. Roper filed a grievance against Officer Chambers for falsifying a liability waiver form that stated Mr. Roper refused to attend a medical appoint concerning his inability to breathe, which placed Mr. Roper in a "substantial risk of imminent danger." *Id.* at ¶ 17. On November 13, 2019, he filed a grievance about three officers retaliating against him by conducting a targeted search of his cell and manufacturing a charge that a knife had been found in the cell. *Id.* at ¶ 18.

Defendant Littlejohn received a request for interview from Mr. Roper on August 22, 2019, expressing his concerns about Trimble and Decker. But she rejected Mr. Roper's concerns. *Id.* at ¶¶ 21-23. On November 20, 2019, Mr. Roper sent a request for interview form to Littlejohn expressing concern about Officer Chambers' targeted retaliatory shakedowns. Littlejohn answered that the shakedown was not retaliatory and noted that a knife had been found in his cell. Because Mr. Roper was found not guilty of having the knife, Littlejohn's response proves she did not conduct an independent investigation. *Id.* at ¶ 24-25.

### III. Discussion

Mr. Roper's allegations are not made against the correctional officers who retaliated against him by shaking down his cell and charging him with an unfounded disciplinary violation. Nor is he suing the officers who caused him to be late to time-sensitive appointments or removed him from the dining hall without providing him replacement meal or announced out loud that he was a frequent user of the Internal Affairs hotline or falsified a medical form. Rather, in this lawsuit he focuses on the officials who handled his grievances on those matters and their supervisor.

In his first claim, Mr. Roper contends that his First Amendment rights have been violated by these officials' neglect. In his second claim, Mr. Roper contends that his Eighth Amendment

right to be free of cruel and unusual punishment has been violated. Both claims are asserted generally against all three defendants. Both claims are frivolous.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). There is no constitutional due process right to a grievance system, and thus no right to have grievances heard in a competent and professional manner.

State officials are under no constitutional or federal statutory obligation to create a grievance process. The Prison Litigation Reform Act's requirement that prisoners exhaust available administrative remedies before filing a civil action in federal court creates no freestanding federal rights. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).

Because there is no freestanding federal constitutional requirement that a prison employ a grievance system, Mr. Roper has no protected interest in a particular outcome of his grievances or complaints, and thus has no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983). Mr. Roper's complaint is therefore **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

**IV. Opportunity to Show Cause or File Amended Complaint**

Mr. Roper shall have through **June 20, 2020**, in which to show cause why this action should not be dismissed and final judgment entered, or to file an amended complaint curing the deficiencies identified in this Order and containing viable federal constitutional claims. The failure to do either will result in the dismissal of this action and entry of final judgment without further notice.

**V. Conclusion**

The complaint, dkt. 1, is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Mr. Roper shall have through **June 20, 2020**, to show cause why final judgment should not enter or to file an amended complaint.

**SO ORDERED**.

Date: 5/21/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Talon L. Roper
211154
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838